IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| EDITH M. PARTEN,               )<br>                                )<br>     Plaintiff,                 )<br>                                )<br>     v.                         )<br>                                )<br>ALABAMA DEPARTMENT OF           )<br>TOURISM, a governmental         )<br>entity; and LEE SENTELL,        )<br>in his official and             )<br>individual capacities,          )<br>                                )<br>     Defendants.                ) | CIVIL ACTION NO.<br>  2:13cv944-MHT<br>       (WO) |

OPINION

Previously, in this lawsuit brought by plaintiff Edith M. Parten against her former employers, defendants Alabama Department of Tourism and Tourism Director Lee Sentell, this court granted summary judgment in favor of the department and Sentell on Parten's federal claims that they had illegally discriminated against her on the basis of sex and disability, retaliated against her for complaints about discrimination, and suppressed her speech.

This case is again before the court, this time on the Tourism Department and Sentell's motion for summary judgment in their favor on Parten's state claims for disability discrimination (1975 Ala. Code § 21-7-8), conversion (1975 Ala. Code § 6-5-260), and slander (1975 Ala. Code §§ 6-5-182 through 6-5-189). The court has supplemental jurisdiction over her state claims pursuant to 28 U.S.C. § 1367. For reasons that follow, the court will grant the Tourism Department and Sentell's motion for summary judgment on Parten's state claims.

I.

As the court stated in its previous opinion on Parten's federal claims, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the evidence in the light most favorable to the non-moving party and draw

all reasonable inferences in favor of that party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In addition, the court adopts the factual background set forth in that previous opinion, and it assumes that the reader is familiar with that background.

II.

The Tourism Department and Sentell raise two immunity defenses to Parten's state claims: that her claims against the department and Sentell in his official capacity are barred by state sovereign immunity and that Parten's claims against Sentell in his individual capacity are barred by state-agent immunity. In addition, the Tourism Department and Sentell argue that Parten cannot establish the elements of her conversion and defamation claims and that she

cannot establish that she suffered discrimination on the basis of disability.[1]

The Tourism Department and Sentell argue that Alabama's sovereign-immunity law bars suit against the State, its agencies, and its officials sued in their official capacities, except to the extent that a plaintiff seeks injunctive relief. See, e.g., Lyons v. River Rd. Const., Inc., 858 So. 2d 257, 260-61 (Ala. 2003) (interpreting Alabama Constitution of 1901, Art. I, § 14). What they and Parten miss, however, is that not even Parten's state claims for injunctive relief against the department and Sentell in his official capacity can survive under the Eleventh Amendment. For, as the United States Supreme Court decided long ago, federal courts cannot entertain suits seeking to enforce state law against the States and their officials in their official capacities, whether those

---

1. The Tourism Department and Sentell also argue that Alabama's disability discrimination statute, 1975 Ala. Code § 21-7-8, does not create a private cause of action. As the court decides on other grounds, it need not reach this issue.

suits seek damages or injunctive relief. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 104-106, 117-121 (1984); see also Alexander v. Chattahoochee Valley Cmty. Coll., 325 F. Supp. 2d 1274, 1295 (M.D. Ala. 2004) (Thompson, J.) ("Federal courts do not have jurisdiction to order state officials to comply with state law.") (citing Pennhurst). Accordingly, the department and Sentell are entitled to summary judgment on all of Parten's state claims against the department and against Sentell in his official capacity.

Sentell next argues that Parten's state-law individual-capacity claims against him are barred by Alabama's doctrine of state-agent immunity. In Ex Parte Cranman, 792 So. 2d 392, 405 (Ala. 2000), the Alabama Supreme Court explained that :

> "A State agent shall be immune from
> civil liability in his or her personal
> capacity when the conduct made the
> basis of the claim against the agent
> is based upon the agent's ...
>
> (2) exercising his or her judgment in
> the administration of a department or
> agency of government, including, but
> not limited to, examples such as: ...

5

> (b) allocating resources; ...
>
> (d) hiring, firing, transferring, assigning, or supervising personnel; or
>
> (3) discharging duties imposed on a department or agency by statute, rule, or regulation, insofar as the statute, rule, or regulation prescribes the manner for performing the duties and the State agent performs the duties in that manner;...."

See also Ex parte Randall, 971 So. 2d 652, 662 (Ala. 2007) (reaffirming Cranman).  Immunity is not available to a state agent "(1) when the Constitution or laws of the United States, or the Constitution of this State, or laws, rules, or regulations of this State enacted or promulgated for the purpose of regulating the activities of a governmental agency require otherwise; or (2) when the State agent acts willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law."  Cranman, 792 So. 2d at 405.

In response to Sentell's argument that state-agent immunity precludes all of her state-law claims, Parten addresses only her disability-discrimination claim. On that claim, she argues that she has provided "ample evidence" that Sentell acted willfully or maliciously in terminating her; that all of Sentell's proffered justifications for her termination were pretextual; that "[t]he only remaining conclusion is that Plaintiff must thus have been terminated for an illegal reason"; and that a "plainer case of willful and malicious action under Cranman there could not be."[2] Response in Opposition to Motion for Summary Judgment (Doc. No. 32), at 54-55.

The court does not agree. As demonstrated in the previous opinion where the court analyzed Parten's federal claims, she has failed to rebut most, if not all, of the department and Sentell's proffered,

---

2. As presented in her response to the motion for summary judgment, Parten's state-disability-discrimination claim is quite different than her ADA claim. While her ADA claim focused on the alleged denial of reasonable accommodations, her state claim is a discriminatory-termination claim.

7

nondiscriminatory justifications for terminating her and has otherwise failed to demonstrate that those reasons were pretext for discrimination. In the same way, Parten has failed to demonstrate that these proffered reasons were a pretext for disability discrimination under state law.[3]

Parten failed to respond to Sentell's argument that state-agent immunity precludes her conversion claim. She has not presented even a scintilla of evidence that Sentell or anyone else at the Tourism Department acted willfully, maliciously, fraudulently, in bad faith, or under a mistaken interpretation of the law in not returning all of her property, which included several

---

2. In addition, as Sentell argues in his motion for summary judgment, Parten has failed to establish she should be considered "disabled" under the state's disability-discrimination statute.  While Parten testified, for example, that she has a herniated disc, arthritis, and vision problems, she has not presented any technical or medical evidence showing how serious her problems are.  Accordingly, it is unlikely Parten's claim would survive even if she could overcome state-agent immunity.

8

magazines, files, notepads, and a card reader.[4]  She also has not presented any evidence that Sentell--whom she seeks to hold personally liable--took her property himself.  At most, Parten has shown that some property she left at the office went missing, but she has no evidence of where it went or who might have taken it.

As with her conversion claim, Parten failed to respond to Sentell's argument that her defamation claim is barred by state-agent immunity.  Moreover, her claim is doomed by her utter failure to put forward a prima-facie case of defamation.  To establish a prima-facie case of defamation, Parten must show that Sentell, acting willfully, maliciously, in bad faith, or illegally, Cranman, 792 So. 2d at 405, published a false and defamatory statement concerning Parten, Ex

---

4. Indeed, the record reflects that the Tourism Personnel Director initially returned to Parten a box of property that she recognized as Parten's; could not find the magazines, files, or card reader; and did not recognize that the notepads were Parten's, as opposed to office property.  Sentell reportedly offered to reimburse Parten for the card reader, but Parten did not take him up on the offer.  Parten has not offered any evidence to rebut this testimony.

parte Bole, 103 So. 3d 40, 51 (Ala. 2012). Parten contends that Sentell defamed her through the Dauphin Island tourism official's letter and in statements he made about Parten to travel journalists. The court analyzes each contention below.

As evidence for her contention that Sentell defamed her through the Dauphin Island tourism official, Parten points to her own testimony that she believed Sentell had told the Dauphin Island tourism official to write false allegations in a letter the official sent to Sentell detailing her accusations against Parten. However, Parten's belief that Sentell was behind the criticisms in the letter is not evidence. It is merely her opinion and is insufficient to establish a prima-facie case of defamation.

As evidence of her contention regarding the journalists, Parten points to her testimony that Sentell talked about the reasons for her termination to three journalists, who each contacted Parten to inform her that they had spoken with Sentell. Parten's

testimony was not helpful in determining whether what Sentell said was defamatory: she testified that she could not recall what the journalists said Sentell said.  Nor did Parten present any testimony, declarations, or even letters or emails from these journalists attesting to what Sentell allegedly told them.  She therefore failed to meet her burden on summary judgment of showing that she has admissible evidence to support her contentions and of showing that what Sentell allegedly said was defamatory.

In her complaint, Parten alleged that Sentell told the journalists that she "misused state resources for her personal gain" and "violated ethics laws". Complaint (Doc. No. 1), at 20.  Even if the court were to assume that Sentell told the journalists these things, Parten has not shown that Sentell acted maliciously, in bad faith, or in violation of the law in making these statements.  First, as discussed above, Parten failed to rebut the Tourism Department's contention that, during work hours and with a

11

department camera, she took photographs to use in her app.  Therefore, if Sentell told the journalists that Parten had been terminated for misusing state resources, the court sees no evidence that such statements would have been made in bad faith or otherwise in violation of the law.

As for Sentell's comments about Parten's violating ethics law, Parten has not shown that these alleged comments were made maliciously, in bad faith, or illegally either.  Alabama's Code of Ethics for public employees prohibits public employees from using their positions "to obtain personal gain for ... herself, or [a] family member." 1975 Ala. Code § 36-25-5(a).  It further prohibits employees from using "equipment, ... time, materials, human labor, or other public property" for private benefit.  1975 Ala. Code § 36-25-5(c).  Parten failed to rebut evidence that she brought her husband to a fundraiser without paying the $ 100 entrance fee for him or that she took photographs for her app during working hours on a state camera.  As

these acts appear to be prohibited under Alabama's ethics law, Parten has not and cannot show that Sentell acted maliciously, in bad faith, or against the law in stating that she violated state ethics law.

In addition, it is undisputed that Parten ultimately appeared before a state panel on ethics charges and a finding was entered that she had violated Alabama ethics law. In an attempt to rebut this fact, Parten points to her testimony that she was misled by an ethics-panel employee into accepting a resolution which resulted in a formal finding that she had violated state ethics law. Based on this testimony, Parten argues that "her alleged violation of ethics law is in question." Response in Opposition to Motion for Summary Judgment (Doc. No. 32), at 56. However, even if Parten were misled at the ethics hearing, that is beside the point: she does not contend that Sentell was the one who misled her at the hearing and she has not introduced evidence upon which a jury reasonably could find that Sentell knew that she had not violated ethics

13

laws when he made his statements. Accordingly, Parten has not met her burden of introducing evidence that Sentell spoke maliciously, willfully, in bad faith, or against the law.[5]

\*\*\*

For the above reasons, summary judgment will be granted in favor of the Tourism Department and Sentell on all of Parten's state claims. An appropriate judgment will be entered.

DONE, this the 20th day of April, 2015.

                       /s/ Myron H. Thompson\_\_\_\_\_
                       UNITED STATES DISTRICT JUDGE

---

5. Parten does not make an argument that Sentell violated any law in making the alleged statements either.